UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSIO G.,<br><br>      Plaintiff,<br><br>v.<br><br>KILILO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br><br>      Defendant. | No. 21-cv-3034<br><br>Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rosio G.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's motion (dkt. 16)[2] is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

    **I.**    **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. Administrative Law Judges ("ALJs") are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff's Memorandum in Support of Summary Remand [Dkt. 16] is construed as a motion for summary judgment.

related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let

the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## II. Background and Discussion

On August 9, 2018, Plaintiff filed claims for DIB with an onset date of March 29, 2018. (R. 13.) The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an ALJ. (*Id.*) The hearing was held on October 1, 2020. (*Id.*) On November 25, 2020, the ALJ denied Plaintiff's claim, finding her not disabled under the Act and therefore ineligible for benefits. (R. 13-24.) On April 12, 2021, the Appeals Council denied Plaintiff's request for review, (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 29, 2018. (R. 15.) At Step Two, the ALJ found Plaintiff had the severe impairments of benign brain tumor, migraine headaches, and depression. (*Id*.) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 16.) Before Step Four, the ALJ found Plaintiff had the RFC to perform light work with the following limitations: avoid concentrated exposure to anything more than a moderate level of noise or vibration; avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; can understand and remember moderately detailed, but not complex, instructions for more than simple tasks at a consistent pace; cannot perform tandem work, but is able to relate appropriately with supervisors, co-workers, and the public. (R. 18.) At Step Four, the ALJ determined Plaintiff was capable of

performing her past relevant work. (R. 23.) Because of these determinations, the ALJ did not need to consider Step Five and found Plaintiff was not disabled under the Social Security Act. (R. 24.)

Plaintiff has a chronic headache syndrome that causes consistent dull pressure on the right side of her head and intermittent shooting pain across her right forehead. (R. 324.) "[S]he also has headaches associated with nausea and photophobia, which have been . . . diagnosed as migraines." (*Id*.) Plaintiff has a sinus mass in the right side of her head; while the dull pain may be caused by the mass, doctors believe that many of her other headache-related symptoms (*e.g.*, photophobia, nausea, vertigo) "point[] more to a migraine pathology." (R. 327.) Doctors have advised against surgically removing the tumor unless it grows, compresses the optic nerve, or creates a cosmetic deformity, none of which apply to Plaintiff's condition. (R. 342.) Plaintiff's testimony and the record suggest there is a broad range of activities that exacerbate Plaintiff's headaches, including light, loud noises, smells, reading, looking at her phone, bending over, and stress. (R. 18; Dkt. 16 at 3-5.)

Additionally, throughout the ALJ's opinion, the ALJ made several references to Plaintiff's light sensitivity. (R. 18 ("she frequently has additional headache pain, often triggered by lights . . ."); R. 20 ("Dr. Lopez noted . . . she has blurring of vision and photophobia"); R. 21 ("Dr. Nair noted the claimant's . . . "pain near her right eye and right forehead region associated with significant light sensitivity, and nausea and vomiting.").) In determining Plaintiff's RFC, the ALJ wrote the following:

> In sum, the above residual functional capacity assessment is supported by the most current and complete evidentiary record, and therefore it represents the most current and complete assessment of the claimant's conditions abilities, and limitations. The claimant's conditions warrant an exertional limitation to light.[3] Her reported known triggers for her migraine headaches warrant the limitations on exposure to vibration, dust, odors, fumes, gases, and poor ventilation.

---

[3] This reference to "light" concerns the exertional limitation Plaintiff can perform (*e.g.*, heavy work, light work, sedentary work, etc.), and does not concern Plaintiff's sensitivity to light.

4

(R. 22.)

Despite noting several times that her headache triggers included light, the ALJ's limitations do not contain anything related to photophobia or light sensitivity. This was error. The ALJ failed to build a logical bridge between the RFC limitations and the evidence in the record. It is well-established that Plaintiff's "known triggers" for her migraine headaches – which the ALJ found to be a severe impairment – include light. Therefore, if the ALJ was going to include RFC limitations that accommodate Plaintiff's "known triggers," the ALJ either needed to include a light-related limitation or explain why such a limitation was not necessary. The ALJ did neither. As such, the Court is left to guess why the ALJ believed that Plaintiff's photophobia did not require any accommodation, but Plaintiff's sensitivity to noise or smells did. To be clear, the Court is not saying that the ALJ needs to find that Plaintiff's RFC includes a limitation that accounts for Plaintiff's light sensitivity. However, given the record before the Court and the ALJ's own finding that the RFC accounted for Plaintiff's "known triggers for her migraine headaches," the ALJ was required to discuss whether a light-based limitation was warranted or explain why the ALJ rejected such a limitation. By failing to do so, the ALJ did not build an accurate and logical bridge between the evidence in the record and the ALJ's conclusions.

### III. Conclusion

Plaintiff's motion (dkt. 16) is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**Entered: September 21, 2022**

United States Magistrate Judge
Susan E. Cox